UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA P. LEHMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00755 - JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

　　　　This action was initiated with the filing of "Letter of Complaint, "Civil Cover Sheet," and a motion to proceed *in forma pauperis* on May 19, 2014. (Docs. 1-2.) For the following reasons, Plaintiff **SHALL** file an amended motion to proceed in forma pauperis, and the complaint is **DISMISSED with leave to amend**.

**I.　　Proceeding *in forma pauperis***

　　　　The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Although the plaintiff in this action is Amanda Lehman, the application to proceed *in forma pauperis* contains only information pertaining to her mother, Norma Lehman. (*See* Doc. 2.) The information provide is insufficient to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff is directed to file an amended motion to proceed *in forma pauperis*.

## II. The Court's Jurisdiction over the Claims

In the "Letter of Complaint," Norma Lehman asserts that her daughter Amanda is twenty-four years of old with the mind of an "eight to twelve year old." (Doc. 1 at 1.) She reports that Amanda "has many medical issues and illnesses," and it appears that she filed an application for Social Security benefits that was denied. (*See* Doc. 1-1.)

When a plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits, the Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at *4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

Here, there is no information in the complaint as to when the administrative law judge issued a decision denying benefits, or if review of the decision was granted by the Appeals Council. Without information regarding when a final decision was rendered by the Commissioner, the Court is unable to determine the timeliness of the complaint or whether it has jurisdiction to review the decision denying Plaintiff's application for Social Security benefits.

## III. Representation by Plaintiff's Mother

In federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28

U.S.C. § 1654; *see also Simon v. Hartford Life & Accident Ins. Co.*, 540 F.3d 661, 664 (9th Cir. 2008). However, as a general rule, non-licensed persons may not appear as an attorney on behalf of others. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1050 (9th Cir. 2009) ("a third-party does not have standing to bring a claim asserting a violation of someone else's rights"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-lawyer "has no authority to appear as an attorney for others than himself"). The Ninth Circuit observed: "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys." *Johns*, 144 F.3d at 876-87. Consequently, Plaintiff's mother may not act in the capacity of a legal representative in this action. If Plaintiff is not competent, she **must** be represented by a lawyer and she **must** proceed through a guardian ad litem.

## IV.     Leave to Amend the Complaint

Leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners' Assoc., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

Here, the Court cannot find with certainty that Plaintiff cannot allege facts supporting a finding that the Court has jurisdiction over the matter. The Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of this complaint by stating the necessary information regarding if and when the request for an extension of time was granted by the Appeals Council. Failure to cure the deficiencies will result in a recommendation that the matter be dismissed.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading, and as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff **SHALL** file an amended motion to proceed *in forma pauperis* within 60 days of the date of service of this order. In doing so, Plaintiff must represent herself if she is competent or she **SHALL** be represented by a lawyer who will seek appointment of a guardian ad litem;

2. Plaintiff's complaint **IS DISMISSED** with leave to amend; and

3. Plaintiff is **GRANTED** 60 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **May 27, 2014**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE