UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA P. LEHMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00755 - JLT<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

　　　　Plaintiff Amanda Lehman seeks judicial review of the administrative decision denying her application for Social Security benefits. Because Plaintiff has failed to prosecute this action and failed to comply with the Court's orders dated May 28, 2014 and July 30, 2014, the Court recommends the action be **DISMISSED**.

**I.　　Procedural History**

　　　　Plaintiff initiated this action by filing a motion to proceed *in forma pauperis*, "Letter of Complaint, and "Civil Cover Sheet" on May 19, 2014. (Docs. 1-2.) The Court reviewed Plaintiff's motion to proceed *in forma pauperis*, and found the application included "only information pertaining to her mother, Norma Lehman." (Doc. 3 at 1.) Therefore, the information provided was "insufficient to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a)," and the Court directed Plaintiff to file an amended motion to proceed *in forma pauperis*. (*Id.*)

　　　　Reviewing the Letter of Complaint, the Court found Plaintiff failed to provide any information

"as to when the administrative law judge issued a decision denying benefits, or if review of the decision was granted by the Appeals Council." (Doc. 3 at 2.) Without information to determine when the Commissioner of Social Security issued a final decision on Plaintiff's application for Social Security benefits, the Court was "unable to determine the timeliness of the complaint or whether it has jurisdiction" over the action pursuant to 42 U.S.C. § 405(g). (*Id.*)

Plaintiff failed to comply with or otherwise respond to the Court's order. Consequently, on July 30, 2014, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute and failure to comply with the Court's order. (Doc. 4.) In the alternative, Plaintiff could "file an amended complaint and amended *motion to proceed in forma pauperis*." (*Id.* at 2.)

On August 14, 2014, Plaintiff and her mother filed a response to the Order, to explain "why . . . [her] case needs to be heard." (Doc. 5.) Plaintiff asserted her lawyer lost medical records they provided and "did not have all the evidence needed at the ALJ hearing," which resulted in the adverse decision. (*Id.* at 1-2.) Plaintiff reported that "this has been [an] 8 year battle," but again failed to include information including when the ALJ issued the decision to deny her application for benefits, and whether the decision was appealed to the Appeals Council. Further, Plaintiff did not file an amended motion to proceed *in forma pauperis.*

## II. Failure to Prosecute and Comply with the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.  Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. Moreover, the Court has been unable to determine whether it has jurisdiction over the action under 42 U.S.C. § 405(g) due to Plaintiff's failure to provide the necessary information.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, in the Order to Show Cause, the Court informed Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 4 at 2.)  Plaintiff had adequate warning that dismissal would result from her failure to comply with Court's orders and failure to prosecute the action, which satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.  Conclusion

Plaintiff has not paid the filing fee or provided an affidavit sufficient to determine that she satisfies the requirements of 28 U.S.C. § 1915(a)(1).  Furthermore, Plaintiff failed to comply with the

3

Court's orders dated May 28, 2014 (Doc. 3) and July 30, 2014 (Doc. 4).  Thus, Plaintiff has also failed to prosecute this action through her failure to file a First Amended Complaint.

Good cause appearing, **IT IS HEREBY ORDERED**:  The Clerk of Court is DIRECTED to assign a United States District Judge to this action.

**V.   Findings and Recommendations**

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED without prejudice**;
2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED**; and
3. The Clerk of Court be **DIRECTED** to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2014**              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE